IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. JONES, | ) | CASE NO. 5:09 CV 1622 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEITH SMITH, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral is the petition of Michael D. Jones for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Jones is incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio,[2] where he is serving concurrent sentences totaling 22 years.[3]  The sentences were imposed in 2007 by the Stark County Common Pleas Court after Jones had been convicted of rape, kidnaping, and robbery at a jury trial.[4]

Jones asserts one ground for relief, contending that, because the "State does not have DNA evidence which shows [Jones] committed the crimes," his conviction is not supported by sufficient evidence.[5]  In response, the State maintains that Jones procedurally defaulted

---

[1] ECF # 1 at 1.

[2] *Id.*

[3] *Id.*

[4] ECF # 7, Attachment 1 (state court record) at 19-23.

[5] ECF # 1 at 5.

this claim by not timely appealing to the Ohio Supreme Court from the appellate court's denial of this claim.[6]  Jones has filed a traverse, admitting that he did not timely appeal to the Ohio Supreme Court, but argues that the delay was due to his waiting for DNA results that would prove his innocence.[7]

For the reasons that follow, I will recommend that Jones's ground for relief be dismissed as procedurally defaulted.

## Facts

### A.  Underlying facts

The underlying facts as found by the Ohio appellate court are not disputed.[8]  Ian Smith was working the night shift on March 20, 2007, at the Speedway gas station on Lincoln Way East in Massillon, Ohio.[9]  At approximately 2:00 a.m., a black male, later identified as Jones, entered the store wearing a black winter coat and hooded shirt.[10]  Although Jones wore the hood over his eyes, Smith observed his facial hair and missing top left tooth.[11]  Jones walked into the bathroom, then came over to the cashier's station where he asked Smith "where is

---

[6] ECF # 7 at 6.

[7] ECF # 9 at 7.

[8] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 7, Attachment 1 at 116 (state appeals court opinion).

[10] *Id*.

[11] *Id*.

the money?"[12] Jones then grabbed Smith by his shirt and jerked him up on the counter, again asking him "where is the money?"[13]  Jones then walked around the counter and told Smith that he had a gun.[14] Smith opened the cash drawer, and Jones struck Smith on the head with a flashlight, shattering the flashlight.[15]  Jones took $350.00 from the cash drawer, then smacked Smith on the forehead with his open palm before exiting the store.[16]  A customer pumping gas saw Jones strike Smith, and called 911.[17]  Later, Smith identified the "black male" perpetrator as Jones from a photo line-up.[18]

On March 23, 2007, three days after the first robbery, DeeAnn Overholt was working as a cashier at the Hills and Dales Speedway Gas Station in Massillon, Ohio.[19]  Around 1:15 a.m., a black male, later identified as Jones, entered the station, and asked Overholt if she was alone.[20]  Jones then told Overholt to open her drawer so that he could "take the

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

money, bitch."[21]  When Overholt opened the drawer, Jones took the $60.00 inside.[22]  At that point, Jones told Overholt to go to the backroom, lay down, and take off her clothes.[23]  Overholt refused, and informed Jones that she was pregnant.[24]  Overholt asked Jones not to hurt her, but he took her from behind the counter, locked the door to the station, and demanded more money.[25]  Jones then took $80.00 from Overholt's purse.[26]

After taking Overholt's money, Jones told Overholt that she was going to take him "where he needed to go."[27]  Jones unlocked the station door, and took Overholt to her van.[28]  Overholt sat in the driver's seat as instructed, and Jones climbed over her in order to get to the passenger seat.[29]  Overholt drove the vehicle underneath a bridge about a mile from where Jones resided.[30]  Jones told Overholt to turn off the van and the lights, then take off her clothes.  Overholt took off her shirt, bra, and stripped her pants halfway down her legs.[31]

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 116-17.

[26] *Id.* at 117.

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

Jones climbed into the back seat, undid his pants and told Overholt to perform oral sex.[32] After ten to fifteen minutes, Jones told Overholt to swallow his ejaculation.[33]  Jones exited the vehicle stating, "I'm going to let you live, bitch."[34]  At that time, Overholt drove back to the station and dialed 911.[35]  She later identified Jones as the perpetrator from a photo line-up.[36]

Jones's roommate, Willis McGeorge, identified Jones from a surveillance photograph in the local newspaper, and called police.[37]  McGeorge reported to the officers that Jones owned a black "hoodie" with a silver logo and had asked McGeorge if he would exchange his orange "pulley" with him.[38]  Jones wanted to remain "incognito."[39]  McGeorge also informed the officers that Jones took his bicycle around March 23, 2007, the date of the second robbery.[40]  The bicycle was identified as that found by the police resting against the

---

[32] *Id.*

[33] *Id*.

[34] *Id*.

[35] *Id*.

[36] *Id*.

[37] *Id*.

[38] *Id*.

[39] *Id*.

[40] *Id*.

Walgreens building next to the Hills and Dales Speedway station the day after the robbery.[41]

The handlebar grips were later tested, and Jones's DNA was found on the grips.[42]

## B.    Trial, conviction and sentencing

In April 2007, Jones was indicted for the previous counts of rape, kidnaping, and robbery (Counts one through four), to which he pled not guilty.[43]  In July 2007, Jones moved for separate trials, contending that the crimes were committed on two different days and involved different witnesses.[44]  The trial court denied Jones's motion, and the matter proceeded to a trial by jury.[45]  In August 2007, the jury found Jones guilty of all charges, and sentenced him to concurrent sentences of nine years for rape and nine years for kidnaping, served consecutively to consecutive terms of seven years for robbery and six years for the second charge of robbery,  totaling 22 years in prison.[46]  He was also classified as a sexual predator.[47]

---

[41] *Id.*

[42] *Id.*

[43] *Id.* at 118.

[44] *Id.* at 119.

[45] *Id.*

[46] *Id.* at 118.

[47] *Id.*

**C.      Direct Appeal**

Jones, through counsel, filed a timely notice of appeal to the Fifth District Court of

Appeals.[48]  Jones raised five assignments of error:

  1.    The trial court abused its discretion in denying appellant's motion for
        relief from prejudicial joinder.[49]

  2.    The trial court erred and violated appellant's speedy trial rights.[50]

  3.    The trial court erred when it failed to grant appellant's pretrial motion
        in limine.[51]

  4.    There was insufficient evidence to find appellant guilty, and his
        conviction is against the manifest weight of the evidence.[52]

  5.    The trial court erred when it permitted the improper opinion testimony
        of State's witnesses.[53]

The State responded in opposition, and on September 29, 2008, the Court of Appeals

overruled Jones's assignments of error, affirming the judgment of the trial court.[54]

Jones failed to perfect a timely notice of appeal to the Ohio Supreme Court.[55]  Instead,

on April 15, 2009, Jones, *pro se*, filed a notice of appeal and motion for delayed appeal to

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.* at 130.

[55] *See*, *id.* at 133-38; ECF # 7 at 5.

the Supreme Court of Ohio.[56]  The Ohio Supreme Court denied Jones's motion for leave to file a delayed appeal.[57]

## C.    Federal habeas petition

On July 13, 2009, Jones, *pro se*, filed a petition for a writ of habeas corpus in this Court.  Jones asserted the following single ground for relief:

Ground One:

Supporting Facts: No male DNA was revealed on oral swabs collected from Deann Overholt at 3:30 a.m. 3-23-07 at Mercy Medical Center at Canton, Ohio.  State does not have DNA evidence which shows Michael D. Jones committed these crimes.  DNA paper: Sexual assault evidence collected from Deann Overholt at Mercy Medical Center at 3:30 a.m. 3-23-07.  Result: No semen was detected on the oral swabs: no spermatozoa were detected on the oral microscopic slide.  No semen was detected on dried stain swabs from the left hand.  No DNA was detected in Deann Overholt van.  Deann Overholt did not contribute to the mixture of DNA profiles on the bicycle hand grips.  Affidavit attached (DNA paper). Jan P. Smith: DNA requested: no DNA results were obtained from the flashlight.[58]

Jones asserts that, because no DNA material found was found, he should not have been convicted.[59]  As noted, the State has construed this as a sufficiency of the evidence

---

[56] ECF # 7, Attachment 1 at 131-38.

[57] *Id*., at 166.

[58] ECF # 1 at 5.

[59] ECF # 9 at 2.

claim.[60]  The State then argues that Jones procedurally defaulted by failing to timely appeal his claim to the Ohio Supreme Court before filing in federal habeas court.[61]

Jones responded with a traverse, in which he asserts that his cause for not timely filing an appeal was because he was waiting for documents which proved the lack of DNA material.[62]  Jones has also moved for an evidentiary hearing,[63] which the State has opposed.[64]

I have denied the motion subject to possible reconsideration after preparation of this report and recommendation.[65]

## Analysis

### A.    Preliminary observations

As a preliminary matter, I note that the parties do not dispute, and my own review of the record establishes, that:

- Jones was in state custody in Ohio pursuant to an Ohio conviction and sentence at the time this petition for federal habeas relief was filed, thus establishing jurisdiction in this Court over that petition;[66]

---

[60] ECF # 7 at 6.

[61] *Id.*

[62] ECF # 9 at 7.

[63] ECF # 8.

[64] ECF # 10.

[65] Non-document entry of January 1, 2010.

[66] 28 U.S.C. § 2254(a); *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995).

- the petition here was filed within one year of the conclusion of state review, as required by 28 U.S.C. § 2244(d)(1);[67]

- the ground for relief presented here has been totally exhausted in Ohio courts.[68]

## B.  Standard of review – procedural default

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[69]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[67] As noted, the Ohio appeals court issued its opinion denying Jones's assignments of error on September 29, 2008.  The federal habeas petition was filed July 15, 2009.

[68] 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The sole ground for relief raised here was raised as the fourth assignment of error to the Ohio appeals court.

[69] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

      (4)      Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[70]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[71]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[72]  In addition, procedural default may also be excused by a showing of actual innocence.[73]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[74] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[70] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[71] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[72] *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[73] *Id.*

[74] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

proceeding with error of a constitutional dimension.[75] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[76]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[77] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[78]

**C.    Application of standard – The petition should be dismissed as procedurally defaulted.**

As the record cited above establishes, Jones raised the insufficiency of the evidence argument on direct appeal to the Ohio appeals court, which rejected it. However, Jones – as he concedes – then did not timely seek review from the Supreme Court of Ohio. Instead, Jones subsequently moved to file a delayed appeal. That motion was denied.

It is well-established that the denial by the Ohio Supreme Court of a motion to file a delayed appeal constitutes a procedural default barring subsequent review of the claim by a

---

[75] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[76] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[77] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[78] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

-12-

federal habeas court.[79]  Thus, having procedurally defaulted this claim, Jones may now obtain review by this Court only by showing either cause and prejudice or by establishing actual innocence.

Here, Jones has consistently stated that the cause for untimeliness in this case is his own decision not to file an appeal to the Ohio Supreme Court until he had received the results of DNA testing.  In that regard, I note first, as the State observes, Jones did not need the written report of the DNA lab to file his appeal with the Ohio Supreme Court.  Specifically, the results of the DNA test that purportedly support his insufficiency of the evidence claim on appeal were already known at trial and were testified to on the record by the person who performed the test.[80]  Thus, because there was no objective factor external to Jones himself that precluded him from observing Ohio's rule for filing a timely appeal, I recommend finding that Jones has not shown cause for his procedural default.

In addition, I also recommend finding that Jones cannot show that he is prejudiced by this Court failing to reach the merits of his claim.  As the state appeals court carefully noted, although there was no DNA evidence linking Jones to the rape victim and Jones claimed he

---

[79] *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Roberts v. Gansheimer*, 2009 WL 2382983, at *1 (N.D. Ohio July 30, 2009) (Polster, J.), citing *Bonilla*.  "[F]ailure to comply with a state procedural rule for filing a timely appeal constitutes an adequate and independent ground for barring review of [the] federal constitutional claim."

[80] *See*, ECF # 7 at 10, citing trial transcript of this testimony.

was a victim of mistaken identity, the evidence against Jones was sufficient, under the well-known test of *Jackson v. Virginia*,[81] to permit the jury to convict on all charges.

Specifically, the appellate court stated:  (1) both the victims identified Jones after observing him at close proximity during the commission of the crimes; (2) both offered descriptions of their attacker to the police at the time that were consistent with Jones; (3) both testified at trial; (4) three other persons, not victims here, identified Jones from surveillance photos taken during the crimes; and (5) the DNA test did find Jones's DNA on a bicycle Jones's roommate told police Jones had borrowed  immediately prior to the first robbery and which was found propped up against a building next to the gas station where the robbery occurred.[82]  Thus, I recommend finding that Jones has not established prejudice from this Court not addressing his insufficiency of the evidence claim.

Finally, I recommend finding that Jones cannot excuse the procedural default by establishing actual innocence.  In that regard, I note that the absence of Jones's DNA on the rape victim does nothing to establish his innocence since the conviction in this instance rested not on the presence of  DNA on the rape victim, erroneously said to be Jones's, which could now be conclusively disproved by the test, but rather on the direct, eyewitness

---

[81] *Jackson v. Virginia*, 443 U.S. 307 (1979).  Here, the Ohio appellate court applied the rule in *Jackson* as that rule was stated in the Ohio case of *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 at ¶ 2 of the syllabus (1991) (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)).  This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.  *See*, ECF # 7, Attachment 1 at 125-26.

[82] ECF # 7, Attachment 1 at 128.

identification by the victim of Jones as the rapist.  Further, the lack of Jones's DNA in the rape case was known at trial, thus this test cannot serve as the basis for proving actual innocence as a gateway to excusing procedural default, since the proof in such cases must be established by *new* evidence not available at trial.[83]

## Conclusion

For the foregoing reasons, I recommend that the petition of Michael D. Jones for a writ of habeas corpus be dismissed as procedurally defaulted.


Dated:   August 27, 2010                         s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[84]

---

[83] *Schlup v. Delo,* 513 U.S. 298, 326-32 (1995).

[84]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).