**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Michael D. Jones,** | ) | **CASE NO. 5:09CV1622** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **Keith Smith,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Michael D. Jones was sentenced in 2007 to 22 years in prison following his conviction on charges of rape, kidnaping, and robbery. Jones appealed his convictions, and on September 29, 2008, the Court of Appeals overruled his assignments of error. Jones failed to perfect a timely notice of appeal to the Ohio Supreme Court. Instead, on April 15, 2009, Jones filed a notice of appeal and motion for delayed appeal, which was ultimately denied by the Ohio Supreme Court.

On July 13, 2009, Jones filed a pro se petition for a writ of habeas corpus, alleging that because the State did not introduce DNA evidence at his trial, his convictions were not supported by sufficient evidence.

In a well-written and thorough Report and Recommendation, Magistrate Judge Baughman recommended that Jones' petition be denied as procedurally defaulted. In his objections, Jones concedes that he did not appeal to the Ohio Supreme Court, but renews the argument he made in his traverse that this default should be excused because he was waiting for

DNA results that would prove his innocence. Magistrate Judge Baughman dealt with this argument in his Report and Recommendation, correctly concluding that Jones did not need the written report of the DNA lab to file his appeal with the Ohio Supreme Court. "Specifically, the results of the DNA test that purportedly support his insufficiency of the evidence claim on appeal were already known at trial and were testified to on the record by the person who performed the test." [R and R at 13]

Additionally, Jones has not shown prejudice from the application of the procedural default bar. As the Magistrate Judge concluded, there was ample evidence introduced at trial from which a jury could have found Jones guilty of rape, kidnaping, and robbery.

Accordingly, the Court overrules Jones' objections, and adopts the Magistrate Judge's Report and Recommendation that Jones' petition for a writ of habeas corpus be dismissed as procedurally defaulted.

IT IS SO ORDERED

    */s/Dan Aaron Polster 11/23/10*
**Dan Aaron Polster**
**United States District Judge**